**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0649-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NAEEM LIVINGSTON,

    Defendant-Appellant.

_____

Submitted February 6, 2024 – Decided February 13, 2024

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0456.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Naeem Livingston appeals from a Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

We set forth the following pertinent facts of this matter in our prior opinion on defendant's direct appeal of his convictions and sentence:

> While driving a gray Dodge Charger through the streets of Newark on September 15, 2015, defendant engaged in a running gun battle with the driver of another car. A witness called the police and, after an officer located the Charger, defendant ignored the officer's signals to stop. Defendant eventually crashed the Charger into a garbage truck, and a school bus full of children and several adults. The driver of the truck suffered whiplash. The officer stopped to help the children, and observed defendant fleeing the scene.
>
> The police identified defendant as the driver of the Charger by running the license plate number and discovering that defendant had recently received a traffic ticket while driving the car. The officer who pursued defendant was also able to identify defendant as the driver of the Charger, and defendant's DNA was found on the discharged air bag of the car. In addition, defendant's friend, [Erica Darby], testified that defendant persuaded her to rent the Charger for him, and then to report it as stolen following the crash. [Darby] refused to do so.
>
> [State v. Livingston, No. A-3470-17 (Feb. 27, 2020) (slip op. at 3-4), certif. denied, 243 N.J. 272 (2020).]

2

Based on these facts, a jury convicted defendant of second-degree eluding, second-degree aggravated assault while eluding, fourth-degree resisting arrest, and criminal mischief, a disorderly persons offense. Id. at 1. The trial judge sentenced defendant to an aggregate extended term of fourteen years in prison, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Ibid.

After we affirmed defendant's convictions and sentence on his direct appeal (id. at 3), he filed a timely petition for PCR. Among other things, defendant presented a certification from Darby who, as set forth above, was one of the witnesses who had testified for the State at trial. Id. at 4.

In her certification, Darby recanted her trial testimony. She stated that defendant was the "best friend" of her baby's father. Darby admitted she rented the Dodge Charger for defendant, but now claimed that he returned it to her before the events that led to his conviction. Darby said she used the car for a while but it was then stolen from her neighborhood. Darby said she "called multiple tow companies" looking for it, but was "afraid to file a police report because [she] did not have insurance on the car." Darby asserted that she later learned that defendant "was arrested in connection with the stolen Dodge Charger."

3

Darby claimed that two years went by before the prosecutor's office contacted her shortly before the trial. Darby met with two women, but could not recall their names. She told them that defendant returned the car to her before the shooting incident. However, the women did not believe her and "threatened to charge [her] with the stolen vehicle and the shoot-out."

Darby concluded her certification by stating:

> I became more terrified and made up the story involving [defendant]. The truth is [defendant] never told me that the car was stolen and he never asked me to report the car stolen. I don't know who stole the car and who was involved in the shoot-out. All I know is that I had the only set of keys to the car when [defendant] returned it to me in early September 2015.

Relying upon Darby's certification, defendant argued in his PCR petition that his trial attorney was ineffective because she "failed to illicit testimony [from] . . . Darby. Ms. Darby would have admitted to the police that she had lied and [d]efendant never told her to report the car as stolen." He also argued he was entitled to a new trial based on the newly discovered evidence in Darby's certification.

The PCR judge decided to conduct an evidentiary hearing in order to permit Darby to testify on defendant's behalf. At the beginning of the hearing,

4

the judge asked Darby if she would like to speak to an attorney before testifying. She replied that she did. The judge then adjourned the hearing.

On the next hearing date, Darby retracted her certification. She explained that she had spoken to two attorneys and now wanted to "pull [her] certification." She indicated she was "refusing to testify" and was "pleading the Fifth[.]" Defendant called no other witnesses and the hearing concluded.

The PCR judge rendered a written decision denying defendant's petition. The judge found that defendant failed to satisfy both prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

The judge noted that Darby repudiated her certification. The judge stated that "[d]efendant's argument also fails to take into account the other evidence against him." Besides Darby's testimony at trial, the State presented "DNA evidence recovered from the deployed airbag in the [Charger that] was linked to [d]efendant." This evidence demonstrated that defendant was the driver at the time of the crash. In addition, a police officer who pursued defendant as he ran away identified him as the driver.

On appeal, defendant presents the following contention:

A-0649-22

THE RECANTATION CERTIFICATION OF ERICA DARBY, A STATE'S KEY WITNESS, CONSTITUTED NEWLY DISCOVERED EVIDENCE AND MANDATES THAT DEFENDANT'S CONVICTIONS BE REVERSED.

We have considered defendant's argument in light of the record and the applicable legal principles, and conclude it is without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in his written decision and add the following brief comments.

To secure a new trial based on newly discovered evidence, a

> defendant must show that the evidence is 1) material, and not "merely" cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was "not discoverable by reasonable diligence beforehand"; and 3) that the evidence "would probably change the jury's verdict if a new trial were granted."
>
> [State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

All three prongs must be established. "Newly discovered evidence must be reviewed with a certain degree of circumspection to ensure that it is not the product of fabrication, and, if credible and material, is of sufficient weight that it would probably alter the outcome of the verdict in a new trial." Id. at 187-88.

6

Darby's certification failed to satisfy all three prongs of the <u>Ways</u> test for a new trial based on newly discovered evidence or the second prong of the <u>Strickland</u> test. Darby recanted her own recantation certification at the evidentiary hearing by "pulling" it from consideration and refusing to testify. Under these circumstances, Darby's revised account of the events leading up to the shoot-out is not credible. Therefore, the alleged new evidence would not have affected the outcome at a new trial. <u>Ways</u>, 180 N.J. at 187.

Just as significantly, even removing Darby's trial testimony from the equation would not affect the result in view of the DNA evidence the State provided directly linking defendant to the Charger at the time of the crash. This evidence, coupled with the police officer's identification of defendant, was sufficient to support defendant's convictions. <u>Strickland</u>, 466 U.S. at 687.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0649-22